

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFREY SCOTT HUNTER | DOCKET NO. 15-CV-123; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

*Pro se* Petitioner, Jeffrey Scott Hunter, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on January 22, 2015, [Doc. #1] and amended petition on April 6, 2015 [Doc. #6]. Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains that he was wrongfully convicted of a disciplinary violation, and he asks that the conviction be expunged from his record and good time restored.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Petitioner alleges that on August 2, 2013, he received information via email identifying Inmate Nesmith as a sex offender. [Doc. #1, p.12] The following day, Petitioner presented the information to the inmate, and "explained to him that they would not become cell mates." On October 2, 2013, Petitioner and another inmate were placed in the Special Housing Unit pending an

investigation. On October 22, 2013, Petitioner was charged with threatening Inmate Nesmith. Specifically, it was alleged that, over time, Petitioner and another inmate had confronted Nesmith with the intention to inflict bodily harm based on their facial expression and clenched fists, and verbally stating, "Do what you need to do now!" Petitioner and the other inmate are not alleged to have physically injured Nesmith. [doc. #1, p.16]

At the disciplinary hearing, Petitioner made a statement that, on the date and time the reporting staff indicated the incident took place, Plaintiff was actually working in Unicor. He stated that, two months prior, he obtained information about Inmate Nesmith's charge. He stated that there was a chance that Nesmith was going to be assigned to a cell with Petitioner, and he needed to ensure that did not happen. [Doc. #1, p.17] He stated that he did not make any threats toward Nesmith, who later requested protective custody. [Doc. #1, p.17]

The hearing officer report notes that the charge of threatening another person is characterized by expression an intention to cause someone harm or pain. The expression can be verbal or non-verbal. [Doc. #1, p.19] In this case, the hearing officer found that Petitioner made threatening insinuations to Nesmith upon learning that he was a sex offender, which led Nesmith to seek protective custody.

2

*Law and Analysis*

Petitioner argues that his due process rights were violated and that there was insufficient evidence to convict him. "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (citing Smith v. Rabalais, 659 F.2d 539, 542 (5th Cir. 1981)), cert. denied, 455 U.S. 992 (1982). The reviewing court must, therefore, ascertain whether a decision from a disciplinary hearing is supported by **any** evidence. See id. In addition, such a hearing must comport with certain procedural requirements: (1) advance written notice of the disciplinary charges; (2) an opportunity for the prisoner, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); see also Banuelos, 41 F.3d at 234. Since prison disciplinary proceedings are not part of a criminal prosecution, the prisoner is not afforded "the full panoply of rights." Wolff v. McDonnell, 418 U.S. 539, 563 (1974). Petitioner does not allege that he was deprived of any procedural requirements.

Petitioner claims that there was insufficient evidence to convict him. Prison disciplinary proceedings are overturned only

where ***no evidence*** in the record supports the decision. See Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001)(emphasis added). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Hudson v. Johnson, 242 F.3d at 536-37. In this case, Lt. Moore submitted an incident report indicating that he determined that Petitioner threatened Inmate Nesmith by confronting him with a document identifying Nesmith as a sex offender, clenching his fist, and stating, "do what you need to do now!" [Doc. #6, p.10] Nesmith then requested protective custody. Thus, there is "some evidence" to support the decision of the DHO.

*Conclusion*

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing §2254 Cases in the U.S. District Courts, which is applicable to §2241 petitions under Rule 1(b). According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of

Habeas Corpus be **DENIED AND DISMISSED**, with prejudice.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 15th day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE